No. 29,667.

LAWRENCE HARTMAN, *Appellee,* v. THE KANSAS CITY, LEAVEN-
WORTH & WESTERN RAILWAY COMPANY, *Appellant.*

(294 Pac. 913.)

Opinion filed January 10, 1931.

*McCabe Moore* and *A. J. Stanley, Jr.,* both of Kansas City, for the appellant.
*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Lawrence Hartman sued the Kansas City,
Leavenworth & Western Railway Company to recover damages
for injuries sustained in a collision of a car of the defendant with a
truck plaintiff was driving in the delivery of milk at an intersection
of a public street of Kansas City and the tracks of the defendant.
A verdict was returned awarding the plaintiff $1,450; $1,000 for
personal injuries and $450 for damages to his truck. The defendant
appeals.

Special findings were made by the jury on questions submitted
by the court, which are as follows:

"1. If you find for the plaintiff, state wherein you find the defendant, its
agents, servants and employees were negligent. A. Operator failed to use
proper precaution in not seeing truck, also in not using all available means for
making sudden stop.

"2. Did the plaintiff look for approaching cars before entering the inter-
section of North Thirty-second street with defendant's tracks? A. Yes.

"3. If you answer the preceding question in the affirmative, please state how

far south of defendant's south rail plaintiff's car was when plaintiff looked. A. About twenty-five feet.

"4. After plaintiff had reached a point twenty-five feet south of defendant's south rail, did he look for approaching cars? A. Yes.

"5. Did plaintiff see defendant's freight car approaching the intersection? A. No.

"6. If you answer the preceding question in the negative, then state what prevented the plaintiff from seeing an approaching car. A. Account of heavy fog.

"7. At what rate of speed was plaintiff's automobile traveling immediately prior to the collision? A. About ten miles per hour.

"8. In what distance could plaintiff have stopped his automobile driven at the rate of speed found by you in answer to the preceding question? A. Less than five feet.

"9. How far could plaintiff see, looking in an easterly direction from the intersection along defendant's tracks at the time and place in question? A. About ten feet.

"10. If your verdict is for the plaintiff, state (a) what amount you allow the plaintiff for personal injuries; (b) what amount you allow the plaintiff for damage to his automobile. A. (a) $1000. (b) $450."

Defendant moved that several of the findings be set aside on the ground they were unsupported by the evidence. The motion was overruled. It also assigns error in the overruling of its motion for judgment notwithstanding the general verdict. The principal contention is that the plaintiff was guilty of contributory negligence in driving upon the railroad track without taking precautions for his safety. It is claimed that the evidence is undisputed, that plaintiff approached the crossing on a morning when it was so foggy that he could only see about fifteen feet down the track. He had stopped twenty-five feet back of the track and looked up and down the railroad both ways. He testified that he stopped when his front wheels were five or ten feet in back of the stop-sign set in the pavement, the north edge of which was twenty-five feet south of the south rail of the track. It is said that proceeding across the track without stopping or taking any further precautions to ascertain the safety of crossing, is contributory negligence. By reason of the fact that these facts were undisputed it is argued that the negligence of plaintiff is a question of law for the court, and not only some of the findings should have been set aside, but that judgment should have been rendered for the defendant.

Attention will first be given to the main question discussed, namely, that on plaintiff's admissions and undisputed facts, plaintiff

was guilty of contributory negligence, and hence judgment should be given for defendant. Plaintiff testified that on April 12, 1929, at about 5:30 a. m., he was driving a milk truck upon a street which intersected the railway of the defendant, that there was a stop-sign or plug on the street about twenty-five feet back of the track, that he stopped when the front end of the truck was at the stop-sign and that he was then sitting about ten or twelve feet back of the sign. He stated that he looked up and down the track at that place and did not see or hear an approaching car; that the visibility because of fog was poor, and he could only see from ten to fifteen feet down the track; that he then started slowly and when astraddle of the track he was struck by an electric freight car of defendant and injured. He further stated that after starting his truck from the stop-sign, he did not look again and the reason given by him was that there were two plugs, and there was a rough crossing He further testified that when he started across he drove slowly and at such a speed that he could have stopped his truck within the space of one foot. He admitted that he had been driving that route delivering milk about two years, and had crossed the railroad track at the same place and about the same time every morning. We are of the opinion that the plaintiff failed to exercise reasonable care for his own protection and assuming the defendant to have been negligent in the operation of his car, a recovery by plaintiff is barred by his own negligence. He ventured across the railroad without looking to see if there was danger in doing so. He did look when he stopped more than twenty-five feet away from the track. From that point he was traveling at a speed that enabled him to stop in the space of one foot, but did not look or take any precaution for his own safety when he entered upon the track. True, he says that by reason of the fog he could see only ten or fifteen feet down the track, but precaution at that time would have prevented the accident. The fog was as obscure to him as to the defendant, and it was the duty of each to have exercised increased care because of the increased danger which tended to obscure the view. The poor visibility of the morning made it incumbent on the plaintiff to at least exercise the ordinary precaution to keep a lookout just before he entered upon the track. It was not enough to look down the track when he was more than twenty-five feet away from it. He could have stopped in a moment of time and yet he recklessly

went upon the track without looking for a coming car or exercising that degree of care that a reasonably prudent man would under the circumstances. If that degree of care had been taken, the collision might have been avoided. Ordinarily and where there is dispute in the evidence, contributory negligence is a question for a jury, but where the acts of the plaintiff are testified to or admitted by him we are warranted in determining whether under the admitted facts they amount to contributory negligence.

Considerable is said about the application of the rule to be taken as between ordinary steam railroads and street railroads. Here the defendant was operating its electric railroad over its own right of way and not along a public street, but on any application of the rule it was the duty of the plaintiff to have looked before entering upon the track. In speaking of the precautions to be taken at crossings, it has been remarked that:

"More than a dozen times this court has said that a traveler must look and listen for approaching trains before attempting to cross railroad tracks, and that if he fails to do so and is injured in consequence thereof, damages cannot be recovered for such injury. (Citing cases.) The driver of an automobile is under the same or a more imperative duty to look and listen before crossing railroad tracks. (Citing cases.) The rule requiring one about to cross a railroad track to look and listen applies in a city as well as in the country." (*Jacobs v. Railway Co.,* 97 Kan. 247, 252, 154 Pac. 1023.)

In *Cooper v. Railway Co.,* 117 Kan. 703, 232 Pac. 1024, it was said:

"Rule followed that where one is about to cross a railway track and obstructions to his sight and hearing prevent him from assuring himself that no train is approaching, it is negligence for him to risk his life by attempting to cross without otherwise ascertaining that it is safe to do so." (Syl. ¶ 2.)

While the range of plaintiff's vision was short at the place, he could have stopped before driving upon the track and should have assured himself by looking and listening and by other means whether it was prudent to enter upon the track, and his failure to do so is a failure to exercise that reasonable care, and bars a recovery from the defendant. The conclusion arrived at makes it unnecessary to consider the questions raised by defendant upon the special findings of the jury. The decision must be a reversal of the judgment with the direction to enter judgment for the defendant. It is so ordered.